UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



___

NASSER AHMED ABDULLA AL-GARIDI,

        Plaintiff,

        -v-

ERIC HOLDER, Attorney General;
UNITED STATES DEPARTMENT OF JUSTICE;
DEPARTMENT OF HOMELAND SECURITY;
Commissioner, Bureau of Citizenship and
Immigration; and DISTRICT DIRECTOR, BCIS,
Buffalo, NY,

        Defendants.

___

DECISION AND ORDER
09-CV-6160L

Plaintiff Nasser Ahmed Abdulla Al-Garidi, through counsel, has filed this action seeking a determination of plaintiff's application for naturalization by the District Court, pursuant to 8 U.S.C. 1447(b), a stay of removal, and review of defendants determination of plaintiff's application for removal of conditions on his residence. For the reasons set forth below, the complaint is subject to dismissal for lack of jurisdiction. The Court will afford plaintiff an opportunity to file an amended complaint in which he sets forth only claims for which the Court may have jurisdiction and clarifies the basis for the claim.

To the extent that plaintiff is seeking a stay of removal or challenging an order of removal, the claims are dismissed for lack of jurisdiction. On May 11, 2005, Congress enacted the Real ID Act, which became effective that same day. REAL ID Act of 2005, Pub. L. No. 109-13, § 106(b), 119 Stat. 231 (2005). Specifically, section 106(a)(1)(B), amends § 242(a) of the Immigration and

Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1252 (2000), and adds the following jurisdictional provision:

> (5) Exclusive Means of Review – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals[1] in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act . . . .

REAL ID Act, § 106(a)(1)(B)(5). *See Gittens v. Menifee*, 428 F.3d 382, 383 (2d Cir.2005) ("The REAL ID Act 'eliminates habeas corpus review of orders of removal ....' " (quoting *Marquez-Almanzar v. INS*, 418 F.3d 210, 212 (2d Cir.2005))).

This Court and other district courts throughout the country have routinely held that because district courts have no jurisdiction to review final orders of removal, they have no jurisdiction to review requests for stays of removal. *E.g., Sikder v. Gonzalez*, No. 05cv01833WYDMJW, 2006 WL 1149153, at *5 (D. Col., April 28 ,2006) ("Nevertheless, pursuant to the [REAL ID] Act, this court is without jurisdiction to hear the petitioner's claims or to grant him the relief he seeks in his motion, such as a stay of the order of removal.") (Order Affirming and Adopting Magistrate Judge's Report and Recommendation) (citations omitted); *Morillo v. DHS & Bice Detention Center*, No. 9:06-CV-340 (NAM)(DEP), 2006 WL 1007645, at *1 (N.D.N.Y., April 17, 2006) ("[m]oreover, to the extent that Petitioner is only seeking a stay of his removal, this Court would also be without jurisdiction to address this request."); *Rodney v. Gonzalez*, No. 05 CV 3407, 2006, WL 73731, at *2

---

[1]The "appropriate court of appeals" is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." INA, § 242(b)(2), 8 U.S.C. § 1252(b)(2).

(E.D.N.Y. Jan. 10, 2006) ("By depriving district courts of jurisdiction to hear cases challenging final orders of removal, Congress necessarily deprived district courts of jurisdiction to grant stays of removal in such cases. Under INA § 242(b)(3)(B), 8 U.S.C. § 1252(b)(3)(B), the only court that may issue a stay is the court that will issue a 'decision on the petition.'"); *Aime v. Department of Homeland Security*, No. 05-CV-0544F, 2005 WL 1971894, *1 (W.D.N.Y. Aug. 16, 2005) ("since petitioner challenges an order of removal within the meaning of the REAL ID Act, § 106(b) . . . this Court has no jurisdiction to review the merits of the petition or to stay the order of removal."); *Munoz v. Gonzalez*, No. 05 Civ. 6056(SHS), 2005 U.S. Dist. LEXIS 14014 (S.D.N.Y. July 11, 2005) (district court lacks jurisdiction to review merits of a petition challenging a removal order or to stay the order of removal). Accordingly, to the extent that petitioner is challenging removal or seeking a stay of removal, such claims are dismissed.

To the extent that plaintiff is seeking review of a denial of an application for naturalization, the proper forum for review is to seek a hearing before an immigration officer. 8 U.S.C. § 1447(a). Accordingly, to the extent that plaintiff is seeking review of a denial of plaintiff's application for naturalization, such a claim is dismissed..

It may be that the application filed on May 4, 2006 was never decided, however, and plaintiff is seeking District Court determination of an application for naturalization for which there has not been a determination made pursuant to 8 U.S.C. § 1446. If plaintiff is seeking a determination based on the failure to decide his application, the Court may have jurisdiction pursuant to 8 U.S.C. § 1447(b). Nevertheless, based on the complaint filed, the Court cannot determine whether such jurisdiction is present. First, plaintiff has not clearly alleged that the application is still pending. Moreover, plaintiff has not established that there are no removal proceedings pending against him, which would foreclose relief pursuant to 8 U.S.C. § 1447(b). *Ajlani v. Chertoff*, 545 F.3d 229, 238-

3

39 (2d Cir. 2008) ("While removal proceedings were pending against [plaintiff], the district court could not, consistent with [8 U.S.C.] § 1429, appropriately instruct defendants to admit [plaintiff] to citizenship in advance of the completion of those removal proceedings."). Thus, plaintiff has not set forth any claim for which the Court clearly has jurisdiction, and the complaint is subject to dismissal in its entirety.

In the interest of judicial economy, however, the Court will afford plaintiff a single opportunity to provide an amended complaint on or before **June 15, 2009**, in which only those claims for which this Court may have jurisdiction are included and clarifying the status of the application for naturalization, including whether there has been any determination on the application for naturalization filed on May 4, 2006.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: May 15, 2009
Rochester, New York

4